IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID C. PATKINS,

        Plaintiff,                        No. CIV S-10-3440 KJM DAD P

    vs.

C/O R. GONZALES et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has named Warden Martel, Lieutenant Buckner, Lieutenant Barroga, and Officer Gonzales as the defendants.  Plaintiff alleges that the defendants have forced him to suffer repeated disciplinary actions under the same rules violation report ("RVR").  Specifically, plaintiff alleges as follows.  Defendant Gonzales issued to plaintiff RVR Log. No. MCSP-C-05-10-036 for "disobeying orders" in retaliation for plaintiff filing a prison administrative grievance.  Defendant Barroga then reclassified the RVR to "disrespect with potential for violence."  Ultimately, plaintiff was found guilty of the charge and was required to forfeit sixty days of good-time credits as a result of the disciplinary conviction.  Plaintiff claims that the defendants have violated his rights under the Fourteenth Amendment because the forfeiture of time credits imposed upon him amounts to an atypical and significant hardship.  In terms of relief, plaintiff requests monetary damages, dismissal of the RVR, and restoration of his lost credits.  (Compl. Attach. 1-5 & Exs.)

**DISCUSSION**

A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast,

1   habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact
2   or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Here, plaintiff
3   claims that the defendants' conduct resulted in his loss of good-time credits.  However, plaintiff
4   has not alleged or even suggested that the disciplinary conviction in question has been overturned
5   or otherwise invalidated.

6   Under these circumstances, the court cannot allow plaintiff to proceed in this civil
7   rights action.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983
8   action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable
9   relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal
10  prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of
11  confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477 (1994) (a
12  state prisoner may not recover damages under § 1983 for allegedly unconstitutional
13  imprisonment, or for any other harm caused by "actions whose unlawfulness would render the
14  imprisonment invalid," unless he can prove that the conviction or other basis for confinement has
15  been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
16  authorized to make such a determination, or called into question by a federal court's issuance of a
17  writ of habeas corpus); see also Williams v. Grannis, No. CIV S-09-1245 FCD GGH, 2010 WL
18  5169073 at *5 (E.D. Cal. Dec. 14, 2010) ("any determination that false evidence was
19  manufactured against plaintiff, or that this RVR was not actually based on the cited evidence but
20  retaliatory in nature, would necessarily require the disciplinary conviction to be found invalid.");
21  Struggs v. Evans, No. C 08-3909 MMC (PR), 2010 WL 5059527 at *4 (N.D. Cal. Dec. 6, 2010)
22  (claims that the defendants denied plaintiff due process by filing untruthful reports, relying on
23  untruthful reports, and disallowing plaintiff to call witnesses and present video evidence, if
24  established, would necessarily imply the invalidity of his disciplinary proceedings and forfeiture
25  of credits).  A writ of habeas corpus is plaintiff's sole remedy by which to attack in federal court
26  /////

his disciplinary conviction and sentence and that remedy may be pursued only after he has properly exhausted all of his constitutional claims in state court.

## CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 8) be denied; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
patk3440.56