UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. PATKINS, | No.  S-10-cv-3440 KJM DAD |
| Plaintiff, | |
| v. | ORDER |
| R. GONZALES, et al., | |
| Defendants. | |

On September 27, 2011, this court adopted the magistrate judge's recommendation to deny plaintiff's request to proceed in forma pauperis with a civil rights action, which the court construed as raising a challenge to the loss of conduct credits stemming from disciplinary findings, a claim barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  ECF No. 13.  On March 9, 2012, plaintiff filed a motion to proceed in forma pauperis on appeal.  ECF No. 20.  This court denied the request on June 4, 2012, on the ground that the appeal, raising a challenged barred by *Heck*, was frivolous.  ECF No. 25.

Plaintiff has now filed a motion for reconsideration, arguing that his action was not really challenging the denial of credits, but rather was arguing that defendants pursued disciplinary actions against him in retaliation for his First Amendment activities.  ECF No. 26. Although the body of the complaint alleges that plaintiff was denied his right to procedural due process and an unbiased decision maker and claims that the pursuit of multiple disciplinaries

1

violated his right not to be placed in jeopardy twice for the same conduct, he did attach a grievance, which suggested defendants' alleged retaliatory motive. ECF No. 1 at 14-17. He now alleges that this was the true basis of his claim, which was inartfully pleaded in the complaint.

To the extent that plaintiff seeks reconsideration of the court's order adopting the recommendation of dismissal, based on his recharacterization of the nature of his claims, he has not followed the correct procedure. "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Court of Appeal], if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002) (internal quotation marks & citation omitted); *see also Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). Nevertheless, the court will consider this motion as a request to pursue a substantive 60(b) motion challenging the court's initial refusal to allow plaintiff to proceed in forma pauperis; so construed, the court could grant the motion and allow plaintiff to amend his civil rights complaint to raise a retaliation claim. *See, e.g., Byrd v. Lynn*, No. Civ. S-10-0838 KJM DAD P, 2013 WL 876028 (E.D. Cal. Mar. 7, 2013) (explaining that retaliation claims are not necessarily *Heck* barred). Unless and until plaintiff seeks remand from the Court of Appeal, however, this court cannot act.

To the extent that plaintiff seeks reconsideration of his request to proceed in forma pauperis on appeal of the dismissal of the complaint as currently plead, the court denies the motion. As the magistrate judge observed, the complaint raised substantive challenges to the disciplinary findings, all of which are *Heck* barred. The court's obligation to construe a pro per action liberally does not require it to examine exhibits to the complaint and fashion causes of action not explicitly raised in the complaint itself. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (stating that a court "may not supply essential elements of the claim that were not initially pled") (internal citation, quotation omitted).

IT IS SO ORDERED.

DATED: August 7, 2013.

UNITED STATES DISTRICT JUDGE